ORIGINAL

# In the United States Court of Federal Claims

Nos. 14-416C; 14-417C; 14-418C; 14-419C & 14-420C

(Filed October 6, 2014)        **FILED**

**UNPUBLISHED**

OCT – 6 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * *    * | |
| HARRY EDWIN MILES,    * | |
|       * | *Pro Se* Plaintiff; Frivolous |
|      *Pro Se Plaintiff,*    * | Claims Based on Meaningless |
|       * | Documents Attached to |
|     v.    * | Complaints; Dismissal |
|       * | Warranted under RCFC 12(b)(1). |
| THE UNITED STATES,    * | |
|       * | |
|      *Defendant.*    * | |
| * * * * * * * * * * * * * *    * | |

*Harry Edwin Miles*, Lompoc, CA, *pro se.*

*Nathanael B. Yale*, United States Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, DC, for defendant.

---

## OPINION

---

**BUSH**, *Senior Judge.*

The court has before it defendant's motion to dismiss this suit, which was brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of

Federal Claims (RCFC).  Defendant's motion has been fully briefed.[1]  For the reasons set forth below, defendant's motion is granted.

## BACKGROUND[2]

Plaintiff Harry Edwin Miles is incarcerated in a federal prison in California. Def.'s Mot. at 1.  He simultaneously filed five complaints in this court which were consolidated into one case.  These complaints name five federal agency heads as defendants:  Michael Astrue, Commissioner of the Social Security Administration (Case No. 14-416C), Robert Mueller, former Director of the Federal Bureau of Investigation (Case No. 14-417C), Eric Holder, Attorney General of the United States (Case No. 14-418C), Douglas Shulman, former Commissioner of the Internal Revenue Service (Case No. 14-419C), and Charles Samuels, Director of the Federal Bureau of Prisons (Case No. 14-420C).  All of the cases are deemed to name the United States as defendant, because the United States is the only proper defendant in this court.  All of the complaints contain the same legal arguments and request the same types of relief.

Each complaint is accompanied by four attachments, which plaintiff has titled "Common Law Copyright Notice"; "Commercial Notice of Trade Name"; "Notice of Fault and Opportunity to Cure"; and "Notice of Default/Dishonor"; these attachments are virtually identical except for the federal agency heads named therein.  All of these attachments are signed by Mr. Miles and the only reasonable inference is that these documents were created by him.  According to plaintiff these attached documents (and other unattached documents), as well as the lack of response to various communications from Mr. Miles, entitle plaintiff to receive

---

[1]/ The court granted plaintiff's motion to proceed *in forma pauperis* on September 3, 2014.  Final briefing of defendant's motion to dismiss had been stayed until plaintiff complied with the court's requirement for either the filing of an application to proceed *in forma pauperis* or the full payment of the court's filing fees.

[2]/ The facts recited here are taken from plaintiff's complaints, various attachments to the complaints, plaintiff's response to defendant's motion to dismiss, and undisputed statements presented in defendant's motion to dismiss.  The court primarily references the complaint filed in Case No. 14-416C ("Compl."), because all of the complaints are, in essence, copies of that complaint with various substitutions.  The primary, but non-substantive, substitution in each complaint concerns the federal official named as defendant therein.  The court makes no finding of fact in this opinion.

multi-million dollar checks drawn upon the United States Treasury.  Compl. at 3-4.

More specifically, each of the complaints requests injunctive relief and at least $202,000,000 for what Mr. Miles describes as copyright infringement and violation of "Commercial . . . Trade Name contracts" related to his "Copyrighted Property, HARRY EDWIN MILES."  Compl. at 1-2.  At least one purpose of the injunctive relief requested by Mr. Miles appears to be that he be released from prison:

> ORDER the UNITED STATES MARSHALS SERVICE to confirm, oversee and verify the erasure of records, expungement of records, rendering, sealing of all records and voiding all contracts (express, implied, quasi or otherwise), with any mention of Secured Parties Copyrighted Property, (HARRY EDWIN MILES or any variation thereof), from all data base(s), files and records of Respondent(s):  John Kerry, UNITED STATES SECRETARY OF STATE, DEPARTMENT OF STATE and the UNITED STATES OF AMERICA, and to insure the release of all surety and collateral held in Secured Parties Copyrighted Property, (HARRY EDWIN MILES or any variation thereof), being held in any and all warehouses, prisons and holding facilities of Respondent(s) or in their agencies control immediately.

Id. at 3.  Plaintiff's request for monetary relief is founded on what Mr. Miles describes as the government's "unauthorized usages of Secured Parties Copyrighted Property"; in other words, Mr. Miles asserts that the federal government owes him over 200 million dollars for the use of the copyrighted name "HARRY EDWIN MILES."[3]  Id. at 4.

On July 14, 2014, defendant filed a motion to dismiss this case arguing that plaintiff's claims do not fall within this court's jurisdiction.  Plaintiff's "Notice of

---

[3] The court reserves further discussion of the complaints and their attachments for the analysis section of this opinion.

3

Non-Response by Defendants Representatives," filed by leave of the court on July 30, 2014, has been deemed to constitute plaintiff's response to the government's motion to dismiss (Pl.'s Resp.). On September 12, 2014, after plaintiff filed an application to proceed *in forma pauperis*, the government filed its reply brief. Thus, defendant's motion to dismiss is fully briefed and ripe for a decision.

## DISCUSSION

### I.   Standard of Review

The court acknowledges that Mr. Miles is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaints, their attachments, and plaintiff's response brief thoroughly in an attempt to discern plaintiff's legal arguments.

In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### II.   Analysis

#### A.   Overview

There are no claims in these complaints that fall within this court's

4

jurisdiction. The primary focus of plaintiff's suit founds a claim for copyright or trademark infringement, and perhaps other less easily identifiable legal claims, on four meaningless documents attached to the complaint. Similar frivolous claims have been advanced by a number of *pro se* plaintiffs in this court but have been uniformly rejected. *See, e.g.*, *Williams v. United States*, No. 14-85C (Fed. Cl. Apr. 9, 2014) (dismissing a prisoner suit for lack of jurisdiction because it was founded on a "frivolous compendium of forms and argument purporting to be a binding contract with the United States"); *Taylor v. United States*, No. 12-660C (Fed. Cl. Feb. 15, 2013) (same); *Rivera v. United States*, 105 Fed. Cl. 644, 649-50 (2012) (dismissing for lack of jurisdiction a contract claim founded on the prisoner's birth certificate, social security number, and his name which was asserted to be a "common-law-copyrighted trade-name/trademark"); *Gravatt v. United States*, 100 Fed. Cl. 279, 288 (2011) (dismissing a prisoner claim for lack of jurisdiction because it was founded on a "patently frivolous" allegation that his birth certificate and other documents entitled him to the proceeds of an unsubstantiated trust account at the United States Treasury); *Jennett v. United States*, 77 Fed. Cl. 126, 131-32 (2007) (dismissing for lack of jurisdiction a *pro se* plaintiff's claim alleging copyright infringement of his name).

With respect to plaintiff's requests for equitable relief, to the extent that Mr. Miles's complaints state a demand that this court free him from prison, there is no jurisdiction in this court for a collateral attack on a criminal conviction and subsequent incarceration. *E.g.*, *Beadles v. United States*, 115 Fed. Cl. 242, 246 (2014) (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981)). As to any other aspects of the injunctive relief requested in plaintiff's complaints, this court lacks the power to issue injunctions except in limited circumstances not applicable here. *E.g.*, *Gravatt*, 100 Fed. Cl. at 288 (citing *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998)). The court now turns to a review of plaintiff's claims for monetary compensation.[4]

## B.    Copyright Infringement

---

[4] The court limits its discussion to the legal theories of recovery that are discernable in the complaints. Isolated legal terms in the complaints which are not developed further will not be addressed. The court notes, in particular, that despite multiple references to contracts in the complaints, plaintiff disavows the existence of a contract between him and the United States. Pl.'s Resp. at 3 ("At NO time has [plaintiff] claimed ANY contract with Defendants.").

In the court's view, the most clearly stated claim asserted by Mr. Miles is that he copyrighted his name and that the United States infringed upon that copyright.[5] *See* Compl. at 2 (alleging that plaintiff delivered a notice of "the violation/infringement by [defendant] upon Secured Part[y's] Copyright"). In support of this allegation, plaintiff apparently created a "Common Law Copyright Notice" and attached this document to his complaint. The most distinctive features of this document are statements that a "common law copyright" in plaintiff's name exists (with either a copyright date of 1980 or July 15, 2007) and that a "SELF EXECUTING CONTRACT SECURITY AGREEMENT IN EVENT OF UNAUTHORIZED USE" binds the user of plaintiff's name. Compl. Att. 1 at 1, 3.

This court has considered similar claims alleging a copyright of a plaintiff's name and has rejected them for lack of jurisdiction.[6] *See, e.g., Jennett*, 77 Fed. Cl. at 132. The Court of Claims also rejected prisoner claims of this type. *See Quillin v. United States*, 228 Ct. Cl. 727, 728 (1981) ("[W]e find no validity to the plaintiff's argument that a person can copyright his own name and claim that false imprisonment by the government has infringed that copyright."). Many prisoners such as Mr. Miles have asserted that they copyrighted their names in order to pursue frivolous claims against the government and government officials. *See Gravatt*, 100 Fed. Cl. at 282-84 (describing litigation strategies employed by the "sovereign citizen" movement and prisoners to pursue frivolous claims); *see also Monroe v. Beard*, 536 F.3d 198, 202-03 & nn.2-3 (3rd Cir. 2008) (explaining that inmates who assert a copyright interest in their names often do so in order to allege a secured interest in property so that they may attempt to collect money from government officials or obtain release of their "property" from prison).

---

[5] The complaints and their attachments reference plaintiff's name in a variety of ways, including Harry Edwin Miles, HARRY EDWIN MILES, and Harry-Edwin: Miles.

[6] This court has also dismissed insubstantial claims for copyright infringement for failure to state a claim upon which relief may be granted. *E.g., Roberson v. United States*, 115 Fed. Cl. 234, 241 (2014) (citing *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. 2001)); *Keehn v. United States*, 110 Fed. Cl. 306, 335 (2013) ("It is plaintiff's failure to have applied for, received, or been refused a copyright that prevents plaintiff from raising his claims in this court.") (citations omitted); *Grayton v. United States*, 92 Fed. Cl. 327, 338 (2010). Thus even if plaintiff's copyright claim survived defendant's jurisdictional challenge, it would necessarily be dismissed under RCFC 12(b)(6).

The court finds that any claim for copyright infringement in this suit is frivolous. There is no allegation in the complaints that Mr. Miles applied for a copyright in order to satisfy the preconditions for a copyright infringement suit. *See* 17 U.S.C. § 411 (2012). The "Common Law Copyright Notice" he apparently created is patently insufficient to support a nonfrivolous copyright infringement claim.[7] The court has no jurisdiction over Mr. Miles's copyright infringement claim because his complaints do not contain "a nonfrivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source" of law alleged in the complaints. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

### C.   Trademark Infringement and Uniform Commercial Code-Based Claims

Although there is no explicit claim for trademark infringement in the complaints filed by Mr. Miles, he refers to "violation/infringement of my trade-name/trademark" in one of the attachments to his complaints. *See* Compl. Att. 3 at 1. This court lacks jurisdiction over trademark infringement claims because jurisdiction for those claims lies in the district courts, not this court. *E.g.*, 15 U.S.C. § 1121 (2012); *Lockridge v. United States*, 218 Ct. Cl. 687, 689 (1978) ("We therefore conclude that we have no jurisdiction over claims for trademark infringement."). Thus, to the extent that Mr. Miles asserts that the United States has infringed upon his trademarked name, that claim is beyond this court's jurisdiction and must be dismissed.

In plaintiff's response brief, Mr. Miles insists that the claims in his complaints are based upon provisions of the Uniform Commercial Code or UCC. Although the exact nature of these claims is difficult to discern, it is evident that Mr. Miles, who refers to himself as the Secured Party, believes the UCC to provide the proper source of law for his suit:

> Secured Party NOTICES that the Uniform Commercial

---

[7] Copyright protection for a person's name is not available in any case. *See* 37 C.F.R. § 202.1(a) (2013); *Turner v. Peterson*, No. C 12-0887 JSW (PR), 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) ("[*Pro se* prisoner plaintiff] cannot trademark or obtain copyright protection for his own name.") (citations omitted).

> Code is the primary source of Commercial Law Rules
> governing all transactions such as the issue in Secured
> Parties Complaint, and must be adhered to by the Court.
> . . . .
> Secured Party has an authenticated Security Agreement
> that provides a description of the collateral. The
> collateral is not a certificated security and is in the
> possession of the Secured Party but is being used without
> consent by Defendants. See Uniform Commercial Code
> §§ 9-203 and 9-313.
> . . . .
> Secured Party NOTICED Defendants that he has a
> properly executed UCC-1 Financing Statement, outlining
> and describing his Secured Property and the Security
> Agreement and Common Law Copyright Notice
> establishing that Security Interest. See Uniform
> Commercial Code §§ 2-722, 3-505, 7-104, 9-207, 9-301
> and 9-303.
> Secured Party NOTICES this Court that he has a
> properly executed Security Agreement in his UCC-1
> Financing Statement which lists the property in the
> Common Law Copyright Notice which further
> establishes his claim to his interest in the Property that is
> being used without his consent or compensation.

Pl.'s Resp. at 1-3. The court need not attempt to decipher what type of UCC-based claim Mr. Miles may be attempting to litigate, because it is beyond dispute that this court has no jurisdiction over UCC-based claims. *E.g.*, *GAF Corp. v. United States*, 932 F.2d 947, 951 (Fed. Cir. 1991); *Spencer v. United States*, 98 Fed. Cl. 349, 357 (2011) (citing *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004)).

## CONCLUSION

For the foregoing reasons, plaintiff's claims must be dismissed for lack of jurisdiction. Because the claims are frivolous, transfer to another court is not in the interest of justice.

Accordingly, it is hereby **ORDERED** that:

(1)    Defendant's Motion to Dismiss, filed July 14, 2014, is **GRANTED**;

(2)    The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint, **without prejudice**; and

(3)    Each party shall bear its own costs.


LYNN J. BUSH
Senior Judge